IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE BUSBY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:12-CV-3631-D |
| | § | |
| DALLAS COUNTY SHERIFF'S DEP'T | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Donald Wayne Busby, a detainee in the Dallas County Jail, against the Dallas County Sheriff's Department and an unnamed detention officer. On September 6, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on September 21, 2012. The court now determines that plaintiff should be permitted to prosecute his excessive force claim against the unnamed detention officer. His claims against the Dallas County Sheriff's Department should be summarily dismissed pursuant to

28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint and interrogatory answers, it appears that plaintiff was standing in the "hold over" near the fingerprinting area of the Dallas County Jail on November 17, 2011. (*See* Plf. Compl. at 4, ¶ V). Plaintiff was allegedly assaulted without provocation by an unidentified detention officer. (*See id.*; Mag. J. Interrog. #1). Plaintiff states that the officer approached him from behind, grabbed his left arm and wrist, and twisted his wrist. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #4). As a result of this alleged use of excessive force, plaintiff sustained a broken wrist. (*Id.*). In this lawsuit, plaintiff seeks money damages and other relief for the violation of his civil rights.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (i) is frivolous or malicious;

  (ii) fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the sole defendant named in his complaint -- the Dallas County Sheriff's Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Dallas County Sheriff's Department is not a separate legal entity having jural authority. *See Beene v. Dallas Co. Sheriff's Dept.*, No. 3-11-CV-1603-K-BD, 2011 WL 5985921 at *2 (N.D. Tex. Nov. 4, 2011), *rec. adopted*, 2011 WL 5985633 (N.D. Tex. Nov. 29, 2011) (Dallas County Sheriff's Department not a proper defendant with jural existence). Consequently, plaintiff's claims against this defendant should be dismissed.

C.

That leaves plaintiff's excessive force claim against the unnamed detention officer. In his complaint and interrogatory answers, plaintiff alleges that the officer approached him from behind, grabbed his arm and wrist, and twisted it. As a result of this alleged use of excessive force, plaintiff sustained a broken wrist. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1, 4). These allegations are sufficient to avoid dismissal on initial screening.

Nor is the case subject to dismissal merely because plaintiff cannot identify the detention officer who allegedly assaulted him. *See Cowart v. Dallas County Jail*, 439 Fed.Appx. 332, 333, 2011 WL 3759618 at *1 (5th Cir. Aug. 24, 2011) (summary dismissal not proper where failure of

plaintiff to identify John Doe defendant was not the result of contumaciousness or an attempt to delay the proceedings). To assist in the identification of potential parties, the Dallas County District Attorney's Office, which presumably will represent the defendant if and when he is served, should be asked to provide the court with the names, job titles, genders, and physical descriptions of *all* detention officers who were involved in the use of force incident involving plaintiff on or about November 17, 2011. Upon receipt of this information, the court will send written interrogatories to plaintiff in order to obtain additional facts about his claims against each potential defendant.

## RECOMMENDATION

Plaintiff's claims against the Dallas County Sheriff's Department should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). His excessive force claim against the unnamed detention officer should proceed and be recommitted to the magistrate judge. To assist plaintiff in identifying this defendant, the Dallas County District Attorney's Office should be asked to provide the court with the names, job titles, genders, and physical descriptions of *all* detention officers who were involved in the use of force incident involving plaintiff on or about November 17, 2011. Upon receipt of this information, the court will send written interrogatories to plaintiff in order to obtain additional facts about his claims against each potential defendant. If the Dallas County District Attorney is either unable or unwilling to provide this information, the court will have no alternative but to allow plaintiff to conduct discovery, which may necessitate the appointment of counsel.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE