IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD WAYNE BUSBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-3631-D-BN |
| | § | |
| DALLAS COUNTY SHERIFF'S DEPARTMENT, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for additional screening pursuant to 28 U.S.C. § 636(b) and an order of reference from Chief Judge Sidney A. Fitzwater. *See* Dkt. No. 16. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Donald Wayne Busby, a former prisoner proceeding *pro se*, brings this civil rights action alleging that an unnamed detention officer in the Dallas County Jail used excessive force against him without justification. On September 6, 2012, Plaintiff tendered a civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information that Plaintiff provided in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted Plaintiff leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 12. The Court also sent written interrogatories to Plaintiff to obtain

-1-

additional information about the factual basis of his suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on September 21, 2012 but was unable to identify the unnamed officer he seeks to sue. *See* Dkt. No. 11 at Questions 3 & 5. Magistrate Judge Paul D. Stickney then recommended that Plaintiff's claims against the Dallas County Sheriff's Department be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that his excessive force claim recommitted to the magistrate judge for further screening. *See* Dkt. No. 13. Chief Judge Fitzwater adopted the findings, conclusions, and recommendations and recommitted the case to the undersigned magistrate judge to assist Plaintiff in identifying the unnamed detention officer. *See* Dkt. No. 16.

After obtaining information from the Dallas County District Attorney's Office reporting that the Dallas County Sheriff's Department "has no record of any incident involving the Plaintiff on November 17, 2011," Dkt. No. 19-1 at 1, the undersigned magistrate judge sent a second questionnaire to the Plaintiff to again seek identifying information about the unnamed defendant, *see* Dkt. No. 19. Plaintiff answered the interrogatories on January 4, 2013. *See* Dkt. No. 23. Although Plaintiff again indicated his desire to pursue his excessive force allegation, he was still unable to provide any information to assist the Court in serving process. *See id.* at Question 1.

Rather than recommend that the Court summarily dismiss the lawsuit for failure to identify a defendant, the undersigned appointed counsel to assist Plaintiff identify the unnamed detention officer. *See* Dkt. No. 25. Although counsel devoted significant time and effort to discovering the identity of the detention officer, he was unable to do so. *See* Dkt. No. 27. Accordingly, counsel filed a motion to withdraw, which

the Court has granted. *See* Dkt. Nos. 28 & 29.

The undersigned now concludes that this case should be summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all

well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

Summary dismissal is not proper where the failure of a Plaintiff to identify a "John Doe" defendant is not the result of contumaciousness or an attempt to delay the proceedings and the defendant's identity may be revealed through discovery. *See Cowart v. Dallas County Jail,* 439 F. App'x 332, 333 (5th Cir. 2011); *see also Murphy v. Kellar,* 950 F.2d 290, 293 (5th Cir. 1992) (summary dismissal is not appropriate where "[i]t is conceivable that, if [plaintiff] were allowed to conduct discovery, [he] would be able to adequately identify" an unnamed defendant). However, a plaintiff must eventually identify potential defendants with enough specificity to enable the Court to direct service of process. *See Staritz v. Valdez,* No. 3:06-cv-1926-D, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) ("Unless and until plaintiff is able to identify these guards, the court cannot direct service on the proper defendants.").

**Analysis**

In his complaint and interrogatory answers, Plaintiff alleges that an officer approached him from behind, grabbed his arm and wrist, and twisted it without

provocation. As a result of this alleged use of excessive force, Plaintiff sustained a broken wrist. *See* Dkt. No. 3 at 4, ¶ V; Dkt. No. 11 at Questions 1 & 4; Dkt. No. 23 at Question 1(a). These allegations are generally sufficient to avoid dismissal on initial screening.

However, Plaintiff has been persistently unable to identify the unnamed detention officer with any specificity. Plaintiff reports that the officer "never reported his actions to anyone." Dkt. No. 3 at 4, ¶ V; Dkt. No. 11 at Question 3(a). When asked to identify the detention officer more specifically, Plaintiff responded that "[t]his is the reason I've mentioned that they need to be investigated, because, they'll say anything over the phone, just like the answers I've gotten back from the grievance community." Dkt. No. 11 at Question 5.

For its part, the Dallas County District Attorney's Office states that the Sheriff's Department "has no record of any incident involving the plaintiff on November 17, 2011." Dkt. No. 19-1. It does not appear that Plaintiff filed any grievances at the Dallas County Jail to memorialize the events at issue in this lawsuit. *See* Dkt. No. 23 at Question 1(c).

Plaintiff was given two chances to provide <u>any</u> identifying information about the unnamed defendant and has failed to do so. *See* Dkt. No. 11 at Question 5; Dkt. No. 23 at Question 1(b). Plaintiff claimed that he "could not identify him because of serious pain to me from the officer's actions." Dkt. No. 23 at Question 1(a).

Rather than summarily dismiss the case, the Court appointed counsel to assist Plaintiff in ascertaining the identity of the detention officer. Despite his diligent

efforts, counsel was unable to able to identify the correct party to serve with process in this case. He explained:

> I have had numerous conversations with Mr. Busby about what happened on the night of November 17, 2011. I have requested and received the jail's records and tried to narrow down who the person that allegedly assaulted Busby could be, but to no avail. I have subpoenaed the hospital records to identify the injury and what happened to Mr. Busby. I have also received the arrest report for Mr. Busby. Unfortunately, none of these items have made it any clearer on who the officer that allegedly assaulted Mr. Busby was.

Dkt. No. 27 at 1.

It is clear to the undersigned that additional discovery will not assist Plaintiff in identifying this "John Doe" defendant in order to direct service of process. Without a Defendant to serve, Plaintiff has failed to state a claim on which relief can be granted.

Accordingly, this case should be dismissed without prejudice.

## Recommendation

The Court should summarily dismiss Plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 10, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE